UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RANELL JOSEPH**  CIVIL ACTION

**VERSUS**  NO. 20-3357

**WARDEN**  SECTION: "R"(1)

# REPORT AND RECOMMENDATION

Petitioner, Ranell Joseph, a state prisoner, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

On June 24, 2015, petitioner pleaded guilty to the following charges under Louisiana law: one count of attempted first degree robbery (Count 1); one count of attempted simple robbery (Count 2); one count of attempted armed robbery (Count 3); two counts of armed robbery (Counts 4 and 6); and two counts of first degree robbery (Counts 5 and 7).[1] On that same day, he was also sentenced as follows: Count 1, twenty years at hard labor; Count 2, three and one-half years; and Counts 3, 4, 5, 6, 7, twenty-five years at hard labor without the benefit of probation, parole, or suspension of sentence each on count. It was ordered that those sentences be served concurrently.[2]

On January 13, 2016, petitioner was granted an out-of-time appeal.[3] On December 7, 2016, the Louisiana Fifth Circuit Court of Appeal then affirmed his convictions on all counts and additionally affirmed all of his sentences except the sentence on Count 2, which was vacated as an indeterminate sentence.[4] Pursuant to an order of remand, the district court resentenced petitioner

---

[1] State Rec., Vol. 4 of 5, transcript of June 24, 2015; State Rec., Vol. 2 of 5, guilty plea form.
[2] State Rec., Vol. 4 of 5, transcript of June 24, 2015.
[3] State Rec., Vol. 2 of 5, Order dated January 13, 2016.
[4] State v. Joseph, 205 So. 3d 1013 (La. App. 5th Cir. 2016); State Rec., Vol. 3 of 6. The Court of Appeal held:

on Count 2 to a term of three and one-half years at hard labor on April 13, 2017.[5] The Louisiana Supreme Court denied petitioner's direct-review writ application on November 17, 2017.[6]

Petitioner thereafter filed a federal application seeking habeas corpus relief with respect to the convictions; however, that application was dismissed without prejudice because he had not exhausted his remedies in the state courts as required by federal law.[7]

On June 11, 2019, petitioner then filed a state application seeking post-conviction relief,[8] which the state district court denied.[9] His related writ applications were likewise denied by the

---

La. R.S. 14:65 provides that the term of imprisonment for simple robbery shall be "with or without hard labor for not more than seven years." Although the commitment reflects that defendant's sentence on count two (attempted simple robbery) was imposed at hard labor, the transcript does not reflect that the judge ordered that the sentence on count two would be imposed at hard labor or provided that the sentence would be served with the Department of Corrections. Generally, where there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983). Where, as in this case, the applicable sentencing statute allows discretion, the sentencing court's failure to indicate whether the sentence is to be served at hard labor is an impermissible, indeterminate sentence. State v. Horton, 09-250 (La.App. 5 Cir. 10/27/09), 28 So.3d 370, 376-77; State v. Norman, 05-794 (La.App. 5 Cir. 3/14/06), 926 So.2d 657, 661, writ denied, 06-1366 (La. 1/12/07), 948 So.2d 145. Thus, we are constrained to vacate defendant's sentence on count two and remand the matter to the trial court for the imposition of a determinate sentence in accordance with La. C.Cr.P. Art. 879.

Id. at p. 1024. The Court also ordered that the Uniform Commitment Order be corrected to reflect the proper offense dates. Id. at p. 1025.
[5] State Rec., Vol. 3 of 5, minute entry dated April 13, 2017. Petitioner did not appeal the resentencing.
[6] State v. Joseph, 230 So. 3d 216 (La. 2017); State Rec., Vol. 5 of 5.
[7] Joseph v. McCain, Civ. Action No. 18-183, 2018 WL 6928795 (E.D. La. May 18, 2018), adopted, 2019 WL 95481 (E.D. La. Jan. 3, 2019).
[8] State Rec., Vol. 3 of 5. Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing by a *pro se* prisoner, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Because that date cannot be gleaned from the state court record with respect to the post-conviction application, the Court has simply used the signature date of the pleading as its filing date, in that the pleading as obviously placed in the mail no earlier than the date on which it was signed. See United States v. Minor, 582 F. App'x 315, 316 (5th Cir. 2014); Estes v. Boutté, Civ. Action No. 19-2289, 2020 WL 1990823, at *2 (E.D. La. Mar. 6, 2020), adopted, 2020 WL 1984331 (E.D. La. Apr. 27, 2020); Crochet v. Goodwin, Civ. Action No. 13-3106, 2014 WL 5093995, at *2 n.10 (E.D. La. Oct. 8, 2014); Thornton v. Terrell, Civ. Action No. 09-1631, 2009 WL 4855743, at *1 n.1 (E.D. La. Dec. 4, 2009).
[9] State Rec., Vol. 3 of 5, Order dated August 28, 2019; see also State Rec., Vol. 3 of 5, Order dated September 9, 2019.

2

Louisiana Fifth Circuit Court of Appeal on January 16, 2020,[10] and by the Louisiana Supreme Court on October 14, 2020.[11]

Petitioner thereafter filed the instant federal habeas corpus application on November 23, 2020.[12] The state argues that the application is untimely.[13] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a statute of limitations for petitioners seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, the AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[10] State v. Joseph, No. 19-KH-572 (La. App. 5th Cir. Jan. 16, 2020); State Rec., Vol. 5 of 5.
[11] State v. Joseph, 302 So. 3d 1098 (La. 2020); State Rec., Vol. 5 of 5.
[12] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner has declared under penalty of perjury that his application was placed in the prison mailing system on November 23, 2020. Rec. Doc. 1, p. 8.
[13] Rec. Doc. 16.

28 U.S.C. § 2244(d)(1).

Because petitioner does not allege the existence of a state-created impediment, a newly recognized constitutional right, or a newly discovered factual predicate, Subsections B, C, and D are inapplicable in the instant case. Accordingly, Subsection A controls, and so petitioner's federal limitations period commenced when his state court judgment became final.

With respect to determining that date of finality, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

At the latest, petitioner's state criminal judgment became final for federal purposes on February 15, 2018, i.e. ninety days after the Louisiana Supreme Court denied his direct-review writ application on November 17, 2017. Accordingly, in order to be timely, this federal application had to be filed on later than **February 15, 2019**, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the limitations period set forth in § 2244(d)(1), federal law provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

4

pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner is not entitled to such tolling because he had no such applications pending in the state courts during that one-year period. Although his first federal habeas corpus application was filed during that one-year, that is of no moment. Obviously, a **federal** application for habeas corpus review is not an "application for State post-conviction or other collateral review" and does not trigger the tolling provisions § 2244(d)(2). Duncan v. Walker, 533 U.S. 167 (2001); Mathis v. Thaler, 616 F.3d 461, 473 (5th Cir. 2010); *In re* Wilson, 442 F.3d 872, 876 n.5 (5th Cir. 2006); Mercadel v. Cain, 84 F. App'x 456, 457 (5th Cir. 2004).

The Court next considers equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "equitable tolling is unavailable in most cases …." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). Indeed, the Supreme Court held that "a petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (internal quotation marks omitted). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence whatsoever demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the United States Supreme Court has held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). That said, the Supreme Court took care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

By entering his unconditional guilty pleas, petitioner has already conceded under oath that he in fact committed and was guilty of the crimes of which he stands convicted. Therefore, even if Perkins applies in the context of a guilty plea, he would face a daunting burden to present a credible "actual innocence" claim. Specifically, the United States Supreme Court has explained: "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup, 513 U.S. at 324. Here, however, petitioner has presented no new evidence whatsoever of actual innocence. Accordingly, he has not met "the threshold requirement" for Perkins to apply. Perkins, 569 U.S. at 386. As a result, the "actual innocence" exception does not aid him.

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the Perkins "actual innocence" exception applies,

this federal application for habeas corpus relief had to be filed no later than **February 15, 2019**, in order to be timely.  Because it was not filed until **November 23, 2020**, it is untimely.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Ranell Joseph be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[14]

New Orleans, Louisiana, this 18th day of January, 2022.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.