UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RANELL JOSEPH                                                     CIVIL ACTION

VERSUS                                                                   NO. 20-3357

WARDEN                                                                 SECTION: "R" (1)

## ORDER AND REASONS

On December 2, 2020, petitioner Ranell Joseph filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] On January 18, 2022, Magistrate Judge Janis van Meerveld issued a Report & Recommendation ("R&R"), recommending that Joseph's petition be dismissed with prejudice as untimely, and advising petitioner that he had fourteen days from the date of service of the R&R to file written objections to the R&R's findings and conclusions.[2] Petitioner's deadline to object to the R&R expired with no objections filed. On February 14, 2022, this Court reviewed the R&R for clear error, and, finding none, adopted the R&R as its opinion and dismissed Joseph's habeas petition.[3] The Court entered judgment against petitioner,[4] and did not issue a certificate of appealability.[5]

---

[1]    R. Doc. 1.
[2]    R. Doc. 20.
[3]    R. Doc. 21.
[4]    R. Doc. 22.
[5]    R. Doc. 23.

On February 17, 2022, the Court received a letter from petitioner, postmarked on February 14,[6] requesting an extension of time.[7] The letter did not specify the deadline that petitioner sought to have extended. On February 25, 2022, the Court received a second letter from petitioner, specifically requesting more time to file objections to the R&R.[8] In his letter, petitioner states that he did not receive the R&R until January 25, 2022, at which time he was at another prison, because his facility had been evacuated because of a nearby fire caused by the burning of tires.[9] He states that he returned to his facility on January 28, 2022.[10] Petitioner further represents that, before the evacuation, he was in quarantine and could not go to the law library.[11] He states that he "still ha[s]n't been to [the] law library," and seeks an extension of time to object to the R&R.[12]

On March 10, 2022, the Court issued an order construing petitioner's letters as a motion to vacate the Court's February 14, 2022 Order and Judgment, and to reopen petitioner's period for filing objections to the

---

6   R. Doc. 24 at 3.
7   *Id.* at 1.
8   R. Doc. 25.
9   *Id.*
10  *Id.*
11  R. Docs. 24 & 25.
12  *Id.*

R&R.[13]  The Court ordered defendant to file an opposition, if any, to petitioner's request for an extension of time, by no later than March 23, 2022.[14] Defendant did not file a response or opposition. On March 28, 2022, the Court received petitioner's objection to the R&R.[15]

When an action may or must be done within a specified time, and that time expires, the Court may extend the expired deadline for good cause if the party failed to act because of excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B). Additionally, the court may relieve a party of a final judgment or order for certain enumerated reasons, or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Here, the Court finds that petitioner has not shown that relief from the judgment or an extension of time is warranted.  The R&R explicitly states that petitioner has fourteen days after being served with a copy of the R&R to file written objections to the R&R, and that failure to do so bars the party from attacking, except on grounds of plain error, the unobjected-to findings and conclusions in the R&R.[16]  Accepting the representations in petitioner's letters as true, he received a copy of the R&R on January 25, 2022.  This

---

13  R. Doc. 26.
14  *Id.* at 2.
15  *See* R. Doc. 27.
16  R. Doc. 20 at 7.

started his fourteen-day period to file objections. Petitioner's deadline to object was thus February 8, 2022. He did not file objections within that period, nor did he request an extension of the deadline until six days *after* the deadline expired. Petitioner cites a facility evacuation and a quarantine before the evacuation as reasons for his delay, but these explanations do not account for his inaction upon his return to his facility on January 28, 2022, at which time petitioner still had eleven days remaining to file objections to the R&R. And while he suggests that he may have had problems accessing the law library, he does not need a law library to ask the Court for an extension of a deadline of which the R&R expressly informed him. Indeed, petitioner's two letters to the Court, seeking extensions of time, were both written and mailed without use of the law library.[17] Clearly, petitioner could have sought extensions before his deadline expired. Petitioner's failure to file objections or to timely seek an extension of the deadline do not owe to good cause or excusable neglect under Rule 6(b)(1). For the same reasons, petitioner is not entitled to relief from the Court's final order and judgment under Rule 60(b).

---

[17]   *See* R. Doc. 25 at 2 (stating, "I still haven't been to [the] law library.").

Accordingly, the Court DENIES petitioners' motion to vacate the order and judgment, and to extend his time to object to the R&R.[18]

New Orleans, Louisiana, this __14th__ day of June, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[18] R. Docs. 24 & 25.